IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| KIMBERLY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 5: 20-CV-449 UC 30PRL |
| YOUTH OPPORTUNITY | ) | |
| INVESTMENTS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED
2020 SEP 17  PM 12: 40

## COMPLAINT

COMES NOW the Plaintiff, KIMBERLY WILLIAMS, ("PLAINTIFF"), and files this Complaint against Defendant, YOUTH OPPORTUNITY INVESTMENTS, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.  This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. §§ 12101, *et seq.*, the Florida Civil Rights Act ("FCRA") and breach of contract.

2.  At all material times, PLAINTIFF was a citizen and resident of Marion County, Florida.

3.  At all material times, DEFENDANT was an Indiana corporation that provided youth correctional services and operated a correctional facility in Ocala, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. In or around February 2019, DEFENDANT hired PLAINTIFF to work as a master control technician although she occasionally would work floor shifts.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified for every position she held with DEFENDANT.

8. PLAINTIFF suffers from lupus and rheumatoid arthritis, which limit her ability to perform major life activities, including working and standing for prolonged periods.

9. In March 2019, PLAINTIFF suffered a flareup of her lupus which led to an infection in her right knee and she was hospitalized for 15 days.

10. When she returned to work, PLAINTIFF, through her doctor, requested to work only in her master control position and to avoid having to work floor shifts.

11. DEFENDANT ignored this request and scheduled PLAINTIFF to work floor shifts as well as master control shifts.

12. Upon information and belief, DEFENDANT regarded PLAINTIFF as disabled after receiving the doctor's note with her limitations and it would not have been an unreasonable hardship to accommodate the request made on behalf of PLAINTIFF by her physician.

13. PLAINTIFF'S doctor prescribed 14 medications to treat her lupus and PLAINTIFF needed to carefully take the medications on a strict schedule, so PLAINTIFF, through her doctor, requested the accommodation of working the same shift each day.

14. DEFENDANT denied this request and PLAINTIFF was hospitalized again after DEFENDANT switched her shift from second shift to night shift with only a day's notice.

15. PLAINTIFF was hospitalized several more times while working for DEFENDANT, normally because of DEFENDANT'S refusal to provide a consistent schedule to her and in January 2020, DEFENDANT terminated PLAINTIFF following another hospitalization.

16. All conditions precedent to this action have occurred on been waived and PLAINTIFF received a Right to Sue letter within 90 days of the filing of this action.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. PLAINTIFF had a disability and/or DEFENDANT regarded PLAINTIFF as disabled.

19. PLAINTIFF was qualified to work in master control and could have performed her job with reasonable accommodations, namely being allowed to work the same shift in master control each day.

20. Rather than accommodate her, DEFENDANT terminated PLAINTIFF and this decision was motivated at least in part by PLAINTIFF'S disability and/or perceived disability and DEFENDANT'S intent to not accommodate PLAINTIFF.

21. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, pre- and post-judgment interest, damages for emotional pain and suffering,

attorney fees and costs of litigation, reinstatement to her former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

22.   The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

23.   At all relevant times, PLAINTIFF was a qualified worker with a disability.

24.   Upon information and belief, DEFENDANT terminated PLAINTIFF because of PLAINTIFF'S disability and/or perceived disability, or to prevent having to provide PLAINTIFF with a reasonable accommodation.

25.   Upon information and belief, the reason for PLAINTIFF'S termination was her disability and/or perceived disability, or at the very least, these were a motivating factor in the decision to terminate PLAINTIFF.

26.   As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, punitive damages, pre- and post-judgment interest, damages for her emotional pain and suffering, attorney fees and costs of litigation, reinstatement to her former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the FCRA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

27.　The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

28.　DEFENDANT and PLAINTIFF entered into an agreement pursuant to which, PLAINTIFF was to accrue paid time off ("PTO") while she worked for DEFENDANT.

29.　PLAINTIFF performed her part of the agreement with DEFENDANT, but when she sought to use her PTO to cover a medical absence, DEFENDANT refused to allow her to do so.

30.　In doing so, DEFENDANT breached its agreement with PLAINTIFF and failed to pay her all the compensation she earned.

31.　As a result, PLAINTIFF has had to obtain an attorney to help her receive her compensation and PLAINTIFF is owed attorney's fees and costs of litigation pursuant to *Florida Statute* 448.08.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, accrued PTO, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of

DEFENDANT'S breach of contract; for a trial by jury on all issues so triable; and, for such other

and further relief as the Court may deem just and proper.

Dated:  September 14, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

www.gainesvilleemploymentlaw.com

The Law Office of Matthew Birk,
309 NE 1st Street, Gainesville, FL 32601

Golden-Collum Memorial Federal Building
& U.S. Courthouse
207 N.W. Second Street
Ocala, Florida 34475

SCREENED
By USMS


