UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KIMBERLY WILLIAMS,**

    Plaintiff,

v.                                            Case No: 5:20-cv-449-JSM-PRL

**YOUTH OPPORTUNITY
INVESTMENTS, LLC,**

    Defendant.

## ORDER

On August 13, 2020, the Court granted Defendant's motion to compel and ordered Plaintiff to pay reasonable attorney's fees and expenses incurred by Defendant in preparing and filing the motion. (Doc. 15). The Court directed Defendant to file the appropriate motion to collect expenses and permitted Plaintiff to file a response in opposition seven days thereafter. As directed, Defendant filed a motion for expenses and fees along with a declaration of fees and costs. (Doc. 16). Plaintiff has not filed a response in opposition and the time for doing so has passed.

Because the Court has already found that Defendant is entitled to its reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel, the only issue still open for consideration is the amount of reasonable expenses and fees. Defendant's counsel, Carlos A. Garcia of the law firm Wicker Smith O-Hara McCoy & Ford, P.A., requests payment for 3.5 associate hours and 1.3 partner hours. (Doc. 16-1). He seeks to recover an hourly rate of $240 for the associate hours, and $275 for the partner hours. (Doc. 16-1). In total, he seeks to recover $1,197.50 in attorney's fees. Because Plaintiff failed to file

a response in opposition, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is reasonable). Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the requested fees are reasonable. And, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Having considered the complexity of the case and the Court's knowledge of market rates in the Ocala Division, the Court agrees that the requested hourly rate of $240 for associate hours and $275 for partner hours is appropriate. Additionally, the Court finds that the requested number of hours (3.5 associate hours and 1.3 partner hours) are reasonably incurred.

Accordingly, Defendant's request for attorney's fees (Doc. 16) is **GRANTED** in the amount of **$1,197.50**.

**DONE** and **ORDERED** in Ocala, Florida on September 3, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

- 3 -

Unrepresented Parties